IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMEEN JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DISTRICT ATTORNEYS OFFICE | : | |
| OF PHILADELPHIA | : | NO. 10-0498 |

MEMORANDUM AND ORDER

Plaintiff, a prisoner at the Philadelphia Detention Center, seeks to bring a civil action in forma pauperis,[1] without prepayment of fees or security therefor, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). The prisoner must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint so the Court can determine how the $350 filing fee will be paid. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id. The Court must then "assess [the prisoner's financial status] and, when funds exist, collect, as a partial

---

[1] Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ."

Based upon plaintiff's financial information, an initial partial filing fee of $2.56 is assessed. The Warden or other appropriate official at the Philadelphia Detention Center, or at any prison at which plaintiff may be confined, will be directed to deduct $2.56 from plaintiff's inmate account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania. Thereafter, each time that the balance in plaintiff's inmate account exceeds $10, an amount no greater than 20 percent of the money credited to plaintiff's account during the preceding month will be deducted and forwarded to the Clerk of Court until the filing fee is paid.

Plaintiff may not have known when he brought this action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does

not permit the prisoner to get his filing fee back.[2]

We shall give plaintiff twenty (20) days from the date of this Order to decide whether he wants to proceed with this case. If by that time, plaintiff decides not to proceed with the case, he need not pay the $350 filing fee.

For the foregoing reasons, it is, this           day of February, 2010, hereby ORDERED that:

1. The petition is DENIED WITHOUT PREJUDICE to its reassertion in accordance with the terms of this Order;

2. If plaintiff files with the Court within twenty (20) days from the date of this Order a notice that he wishes to proceed with this action and thereby obligate himself to pay the $350 filing fee, this action will be reinstated; and

3. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

_____
MICHAEL M. BAYLSON, J.

---

[2] In deciding whether to proceed with this action, plaintiff should note that a request for release from incarceration may only be brought in a petition for a writ of habeas corpus, not a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

Furthermore, the doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410.